UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CUONG V. HUA,<br><br>          Defendant. | No. 2:14-cv-1147-TLN-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

On July 20, 2015, plaintiff filed a motion for summary judgment and noticed the motion for hearing on August 19, 2015.[1]  ECF No. 35.

Court records reflect that defendant has not filed an opposition or statement of non-opposition to the motion for summary judgment.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by August 5, 2015.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement

---

[1] This case, in which defendant is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Because defendant has failed to file an opposition or statement of non-opposition to plaintiff's motion for summary judgment, as required by Local Rule 230, and has failed to respond to plaintiff's statement of undisputed facts, as required by Local Rule 260, the hearing on plaintiff's motion for summary judgment must be continued. Defendant is ordered to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to plaintiff's statement of undisputed facts. Defendant is also ordered to file an opposition to the motion or a statement of non-opposition thereto and a response to plaintiff's statement of undisputed facts. A failure to comply with this order may result in a recommendation that plaintiff's motion for summary judgment be granted.

/////

The court informs defendant of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the court grant judgment in plaintiff's favor without trial. A motion for summary judgment will set forth the facts that the moving party asserts are not reasonably subject to dispute and that entitle them to judgment under applicable law. To oppose a motion for summary judgment, defendant must show proof of his claims. To do this, defendant may file one or more affidavits or declarations setting forth the facts that defendant believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Defendant may rely on written records, but he must prove they are what he asserts them to be. Defendant may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If defendant fails to contradict plaintiff's evidence with counter-affidavits or other admissible evidence, the court may accept plaintiff's evidence as true and grant the motion. If there is good reason why such facts are not available to defendant when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. If defendant does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the plaintiff's motion. If the court grants plaintiff's motion, whether opposed or unopposed, judgment will be entered for plaintiff without a trial and the case will be closed.

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on plaintiff's motion for summary judgment (ECF No. 15) is continued to October 14, 2015.

2. Defendant shall show cause, in writing, no later than September 30, 2015, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Defendant shall file an opposition to the motion, or a statement of non-opposition thereto, no later than September 30, 2015.

4. Failure of plaintiff to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that plaintiff's motion be granted.

5.  Plaintiff may file a reply to defendant's opposition, if any, on or before October 7, 2015.

DATED: August 12, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4